LOTTINGER, Judge.
This litigation arises out of an automobile collision which occurred in the City of Bogalusa at approximately 11:25 o’clock A.M. on December 26, 1957 at the intersection of Avenue H and West 7th Street. The plaintiff, the husband of the driver of one of the vehicles, sues for property damage and other expenses incurred as a result of the accident. The defendant is the liability insurer of the owner of the other vehicle which was being driven at the time-by one Larry Allen Brown. The defendant is also the collision insurer of the vehicle driven by Brown and it reconvened for the-amount of loss sustained by it as a result of the accident. It appears that the recon-ventional demand exceeded the jurisdiction-of the City Court of Bogalusa where the action had been instituted and a remittitur was entered so as to reduce the amount of the reconventional demand to $999.99.
The matter is now before us on appeals taken by both parties from a judgment of the Lower Court rejecting both the main demand and the reconventional demand. Each litigant has answered the other’s appeal praying for a reversal in his or its favor.
Insurance coverage was stipulated as was the amount of damage done to each vehicle and the amount defendant paid as a result. The principal question presented concerns the negligence, if any, of the respective drivers.
It appears that both Avenue H and West 7th Street are paved and each measures approximately 18 feet in width. The streets intersect at right angles, West 7th Street running east and west and Avenue H running north and south. There are no traffic controls at the intersection. Just previous to the collision Mrs. Bullock was traveling east on West 7th Street and Brown was proceeding north on Avenue H. Both vehicles were in their proper lanes of travel.
Mrs. Bullock testified that upon approaching the intersection she brought her *829 car to a complete stop and looked both to her right and left. She saw no vehicle approaching from either direction so proceeded into the intersection in low gear at about five miles per hour. She stated that her vision was unobstructed and that while stopped she could see down Avenue H in a southerly direction for approximately one block. She said that she never saw Brown prior to the impact which occurred after she had cleared the middle of the intersection. She described the impact as “terrific” and of such force as to cause her car to hit a utility pole on the northeast corner of the intersection. She testified that she heard Brown’s brakes just before the impact and that there were no cars approaching from the north.
Robert Brooks, who was seated in the right front seat of the Bullock vehicle, testified that Mrs. Bullock approached the intersection at a speed of 15 to 20 miles per hour and came to a complete stop. He said that he looked both right and left and saw no approaching vehicles. He was “pretty sure” that Mrs. Bullock looked in both directions also. He estimated the distance that one could see to the right as being one-half block or better. This witness corroborated Mrs. Bullock’s testimony to the effect that she proceeded into the intersection in low gear. He was knocked unconscious as a result of the impact, and did not remember whether the Bullock car was struck from the right or left.
Mrs. Annette Brooks testified that just prior to the collision she was seated in the back seat of the Bullock automobile. She, too, corroborated Mrs. Bullock’s version of how the latter approached the intersection and came to a stop before entering. This lady, a self-styled “back seat driver,” stated that she looked in both directions and saw no approaching vehicle. She estimated that she could see to the right the distance of one-half of a block. She heard no screeching of brakes before the impact and was first aware of Brown’s presence when the vehicles collided.
Fred Penton, called by the plaintiff, testified that just previous to the accident he was doing carpenter work on a home situated at the northwest corner of the intersection. He glanced up as the Bullock car passed on its way to the intersection and said that it was proceeding slowly at about 15 miles per hour. He did not see the car actually reach the intersection nor did he see the accident. He went to the scene after he heard the crash and found the Bullock car against the utility pole which he thought had been knocked about six feet out of line. This witness also stated that the Brown car left skidmarks of approximately 45 feet.
It was stipulated that counsel for defendant had caused a summons to be issued for Larry Allen Brown but that service of the summons was impossible due to the fact that Brown was in the military service of the United States serving in Japan. It was also stipulated that the length of the block lying south of the intersection where the collision occurred was 600 feet.
Mary Parnell, called as a witness for the defendant, testified that just previous to the accident she and her children were seated on the rear seat of the Brown car. She did not know at what rate Brown was traveling but stated that “he didn’t seem to be going very fast.” She did not see the Bullock car, as she and the children were glancing at a book, nor did she remember Brown applying his brakes.
By way of rebuttal, Mrs. Bullock stated that her earlier testimony with respect to a city block had reference to a block of 300 feet in length rather than the actual 600 feet block down which she had looked. She also testified that after the accident she looked in the Brown car and that there was no woman in the car.
While the trial judge did not render written reasons for judgment he was undoubtedly of the opinion that the accident was caused by the negligence of both parties. Without question Mrs. Bullock was *830 guilty of negligence in failing to see what she should have seen. And, we believe, that Brown was clearly driving in excess of the Bogalusa speed limit of 30 miles per hour and that his negligence was a contributing factor in causing the accident.
There is no manifest error in the judgment appealed from and the same is hereby affirmed.
Judgment affirmed.